CARNAN *et al.* vs. TURNER.

APPEAL from a decree of the court of chancery. The cause was argued before BUCHANAN, EARLE, and DORSEY, J. by *Cosden*, for the Appellants; and by

*Magruder*, for the Appellee.

The opinion of the court (in which the facts are sufficiently stated) was delivered by

EARLE, J. The object of the bill filed in this case is, to sell a certain portion of the real estate of Doctor *Sluyter Bouchell*, deceased, to pay a debt alleged to have been due from him at the time of his death, to the complainant, (the appellee,) upon the principle, that his personal estate is insufficient to pay his debts. The bill is against *John Bouchell* and *Peter Bouchell*, to whom the testator devised his tract of land in *Cœcil* county called *Providence*, against *Edward Foard*, to whom it is alleged they conveyed the said tract without consideration, and against *John Carnan* the surviving executor of Doctor *Sluyter Bouchell*. The sum due from the estate of the deceased to the complainant, is stated to be £1626 16 5, which was ascertained by a decree of this court at June term 1810, in a suit of the complainant against *John Carnan* and *Sluyter Bouchell* executors of Doctor *S. Bouchell*. That decree, with all the proceedings connected therewith, is made an exhibit in the said bill, and on it the complainant wholly relies for evidence of his debt due from Doctor *S. Bouchell's* estate. One of the defendants, *John Bouchell*, became lunatic, and answering the said bill by his guardian, *George Palmer*, professed entire ignorance of the complainant's demands, and put him on the establishment of them by proof. The bill was taken *pro confesso* against the other defendants, and the late chancellor decreed a sale of the said tract called *Providence*, appointing a trustee to make the said sale.

From this decree of the chancellor the defendants appealed, and it has become the duty of this court to review it and express an opinion on the points it presents.

We have with great care examined the record, and particularly that part of it which contains the decree of this court, and the proceedings connected with the decree, as it is exhibited by the complainant, and made the foundation of his claim of right, to sell a part of the real estate

1823. JUNE.

Carnan vs Turner

A obtained a decree against the executors of B for a sum of money. He afterwards filed a bill against the devisees and executors of B, in order to have a sale of the real estate of B to pay the said debt, upon the principle that the personal estate was insufficient; and he wholly relies for evidence of his debt on the decree. *Held*, that it appearing by the account upon which that decree was founded, which was for rents received by B and his executors of the estate of A, that at the time of the death of B, he was a creditor of the estate of A, and that the sum of money decreed against the executors of B, had been received by them for rents, the real estate in the possession of the devisees of B is in no way responsible for it.

In the event of the exhaustion of the personal assets of a deceased in the payment of debts, the real estate is answerable to the creditors for the deficiency; but the claimants must prove themselves creditors of the deceased ancestor.

How far a judgment or decree against executors may be used in evidence against the devisees of the testator? *Quere.*

of Doctor *Sluyter Bouchell*, deceased. Upon inspecting it narrowly, we find, that at June term 1810, this court decreed £1626 16 5 to be paid by the executors of Doctor *Sluyter Bouchell*, to the complainant, *John Turner*, and state that the said sum had been ascertained agreeably to the account to the decree annexed. This is an account between Doctor *S. Bouchell* and the estate of *John Vansant*, the father of *Rachel Turner*, the wife of the complainant, and consists chiefly of items of charge against Doctor *Sluyter Bouchell*, for rents received on certain leasehold estates, the full and peaceable possession of which was then decreed to be delivered up by the executors to the complainant. The account of receipts commences with the first day of July 1775, and is carried regularly down, including the rents of every year, until the first of January 1810, with the exception of the interval of time between the 4th of July 1776 and the 1st of January 1781. It is admitted in the proceedings that Doctor *S. Bouchell* died early in the year 1797, at which period the bill of revivor was filed against his executor, and on the first day of that year the account makes him a creditor of *John Vansant's* estate, to the amount of £208 1 3½. After his death his executors went on to receive the rents accruing on the leasehold estates, then in litigation; and between 1797 and 1810, actually got into their hands rents, with interest charged them, to the amount of £1834 17 8½, from which deduct the £208 1 3½ due to Doctor *S. Bouchell* at his death, and it leaves £1626 16 5, the sum decreed to be paid by the executors as aforesaid.

The account thus examined, is an exposition of the true meaning of the decree of this court, and with the court's understanding of it, we cannot permit ourselves to doubt of the impropriety of the chancellor's decree. It is bottomed on the conviction, that there was a large debt due from the late Doctor *S. Bouchell* at his death, to the complainant, and that there was a deficiency of personal assets to pay it, whereas in truth, according to the complainant's own showing, there was no such debt. The complainant has a just claim against the executors of Doctor *S. Bouchell*, grounded on their receipts of rents of certain leasehold estates, a long time a subject of litigation between them in the court of chancery, and in this court, but the real estate in the possession of the devisees of Doctor *S.*

*Bouchell* is in no way responsible for it. In the event of the exhaustion of the personal assets, in the payment of debts, the real estate is answerable to the creditors for the deficiency, but the claimants must prove themselves creditors of the deceased ancestor. The sum due from these executors, became a debt long after the decease of Doctor *S. Bouchell,* and evidently arose from a tedious and protracted law suit, to which the devisees were not parties, and in which they had no participation, and for the consequences of which we have no hesitancy in saying they are in no manner liable.

A view too of the account settled by *John Curnan,* surviving executor of Doctor *S. Bouchell,* in the spring 1810, insisted on by the complainant as evidence in this cause, has convinced us, that the personal assets of the deceased, if the rents received by the executors after 1797 are to be so considered, were not insufficient to pay his debts. The executor has accounted for a very small part only of those rents, and if the residue of the £1874 17 8½, had been by him brought into the settlement, a large balance would have been found against him, quite adequate, as we conceive, to the payment of the demand of the complainant.

Without inquiry into the question, how far a judgment or decree obtained against executors can be used in evidence against the heir or devisee of the deceased, we are clear in pronouncing the decree of the chancellor in this case erroneous, and that it ought to be reversed.

DECREE REVERSED.